**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lloyd Ervin JOHNSON, Defendant-**
**Appellant.**

**No. 73–1780**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1973.

J. Kennedy Hutcheson, Jacksonville,
Fla. (Court appointed) for defendant-
appellant.

John L. Briggs, U. S. Atty., John J.
Daley, Jr., Asst. U. S. Atty., Jackson-
ville, Fla., for plaintiff-appellee.

\* Rule 18, 5th Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Co. of New

Before WISDOM, AINSWORTH and
CLARK, Circuit Judges.

PER CURIAM:

Lloyd Ervin Johnson takes this appeal
from his conviction of violating 18 U.S.
C. § 914. That statute provides criminal
penalties for "[w]hoever falsely person-
ates . . . any person entitled to
any annuity, dividend, pension, wages,
or other debt due from the United
States, and, under color of such false
personation, . . . receives or en-
deavors to receive . . . the money
of any person really entitled to receive
such annuity, dividend, pension, wages,
or other debt . . . . " Johnson's
only claim on appeal is that the evidence
was insufficient to allow the jury to
find the requisite false personation.
The facts showed that Johnson somehow
came into possession of a stolen Social
Security check which had been endorsed
in blank by the named payee, Charles
Guyton. Johnson attempted to cash the
check at a local grocery store, but, un-
fortunately for Johnson, the store's pro-
prietor had been notified by telephone to
be alert for anyone attempting to pass
the stolen check. The proprietor noti-
fied his cashier, who refused to cash the
check when presented by Johnson. The
proprietor testified as follows:

A And so, I took the check and
asked him, "Is it your check?" And
he [defendant] said, "Yes."

And I assumed from the phone call
that it wasn't his. So, I asked for his
ID and he said he didn't have any.
Then I told him that I had received a
phone call that the check was stolen
and I didn't think it was his check.
He claimed that it was. And I said,
"Well, I'm not going to cash it." And
he said, "Well, give it back to me."
And I said, "I'm going to keep it."

\*   \*   \*   \*   \*   \*

A He said he was going to call the
police. And I said, "Well, I'll call
them for you."

York, 431 F.2d 409, Part I (5th Cir.
1970).

So, I called them and he went out the door.

\*   \*   \*   \*   \*   \*

A   Well, he just—well, he just put on a good act like it was his check. That's all.

\*   \*   \*   \*   \*   \*

Viewing the evidence in light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we find that the jury could have found beyond a reasonable doubt that Johnson by words and conduct represented himself to be Charles Guyton. Therefore, we need not reach the question of whether Johnson could have been convicted under 18 U.S.C. § 914 had he represented that, though he was not the named payee, still he was the one entitled to receive payment of the check.

Affirmed.